# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# (NORTHERN DIVISION)

| | |
|---|---|
| **AT&T CORP.**<br>One AT&T Way<br>Bedminster, New Jersey 07921<br><br>*Plaintiff,*<br><br>v.<br><br>**CUDDY & ASSOCIATES, LLC**<br>2502 Chilberry Avenue<br>Joppa, Harford County, Maryland 21085<br><br>  Serve on:   Resagent, Inc.<br>              7 St. Paul Street<br>              Suite 1400<br>              Baltimore, MD 21202<br><br>*Defendant.* | Civil Case No.: _____ |

## COMPLAINT

Plaintiff AT&T Corp. ("AT&T"), for its Complaint against Defendant Cuddy & Associates, LLC ("Cuddy"), alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff AT&T is a New York corporation, with its principal place of business in Bedminster, New Jersey.

2. Upon information and belief, Defendant Cuddy & Associates, LLC is a Maryland limited liability company with its principal place of business in Joppa, Harford County, Maryland.

3. The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00). Diversity of citizenship exists. This court therefore has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1).

4. The actions and omissions giving rise to this action occurred in Reisterstown, Maryland. Venue is therefore proper in this district under 28 U.S.C. §1391(a) and (c).

## BACKGROUND INFORMATION

5. AT&T is a telecommunications company which provides interstate telecommunications services to individual and commercial users. AT&T's telecommunications services are provided through, among other means, a nationwide network of fiber-optic cable, which is buried in an underground conduit owned by AT&T and by third parties. AT&T's fiber-optic cable network is capable of carrying large amounts of data.

6. By agreement with Verizon, AT&T possesses the right to place a fiber-optic cable in a buried conduit owned by Verizon. By virtue of this agreement, AT&T is entitled to undisturbed use of the buried Verizon conduit. In accordance with this agreement, AT&T installed a fiber-optic cable in Verizon's conduit in Reisterstown, Maryland.

## FIRST CLAIM FOR RELIEF – TRESPASS TO CHATTELS

7. AT&T adopts and incorporates by reference all allegations contained in paragraphs 1 through 6 above.

8. Upon information and belief, on July 16, 2015, Cuddy or someone acting on behalf of Cuddy (cumulatively, "Cuddy") was excavating on or near the intersection of Rt. 140 and Butler Road, Reisterstown, Maryland (herein the "Damage Location") to repair a damaged Verizon conduit which housed an AT&T fiber-optic cable (herein the "Cable").

9. Upon information and belief, on July 16, 2015, without AT&T's knowledge or consent, and against AT&T's will, Cuddy severed the Verizon conduit and AT&T's Cable contained therein at the Damage Location. At the point where Cuddy damaged and severed AT&T's Cable, the Cable was buried in Verizon's conduit per AT&T's agreement with Verizon.

10. As a result of Cuddy's actions and/or omissions, AT&T has sustained disturbance to its right of use or servitude, and damage to and loss of use of the Cable, which have resulted in actual damages to AT&T in an amount to be determined at trial but exceeding $75,000, including but not limited to direct and indirect costs of the repairs to the Cable.

11. Cuddy's actions were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of AT&T's rights and a conscious indifference to the consequences.

12. WHEREFORE, AT&T prays this court grant judgment in its favor against Cuddy on AT&T's First Claim for Relief, awarding AT&T actual damages of over $160,000.00; punitive damages; interest thereon as allowed by law; all costs of this action; and such other and further relief as this court may deem just and proper.

## SECOND CLAIM FOR RELIEF – NEGLIGENCE

13. AT&T adopts and incorporates by reference all allegations contained in paragraphs 1-12 above.

14. Cuddy owed duties to AT&T to use due are when excavating in the vicinity of the Verizon conduit housing AT&T's Cable and to ensure its employees were properly trained and supervised.

15. Upon information and belief, Cuddy breached these duties on or about July 16, 2015. These breaches included, but were not limited to, the following:

   a. Failing to plan the excavation to avoid interference with, or damage to, the Cable;

   b. Failing to exercise due care to avoid interference with, or damage to, the Cable;

   c. Failing to adequately train its employees regarding the proper precautionary measures related to excavation in and around buried fiber-optic cable; and

    d. Failing to adequately supervise its employees and ensure that they used due care in, and employed the proper precautionary measures related to, excavation in and around buried fiber-optic cable.

16. As a result of Cuddy's actions and/or omissions, AT&T has sustained damage to the Cable which have resulted in actual damages to AT&T in an amount to be determined at trial but exceeding $75,000, including, but not limited to, direct and indirect costs of repair of the Cable.

17. Cuddy's actions were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of AT&T's rights and a conscious indifference to the consequences.

WHEREFORE, AT&T prays this court grant judgment in its favor against Cuddy on AT&T's Second Claim for Relief, awarding AT&T actual damages in excess of $160,000; punitive damages; interest thereon as allowed by law; all costs of this action; and such other and further relief as this court may deem just and proper.

## THIRD CLAIM FOR RELIEF – NEGLIGENCE *PER SE*

18. AT&T adopts and incorporates by reference all allegations contained in paragraphs 1-17 above.

19. As an excavator conducting excavation activities, Cuddy is required to abide by the Public Utilities Article of the Maryland Annotated Code.

20. Cuddy owed statutory duties to AT&T when performing the excavation at the Damage Location on July 16, 2015, including:

    a. Exercising due care to avoid interference with or damage to an underground facility that an owner-member has marked

    b. Exposing the underground facility when an excavator will be using mechanized equipment within 18 inches of a locate mark identifying the location of the underground utility.

    c. Failing to cease excavating within 18 inches of an exposed underground facility.

    d. Failing to take all reasonable precautions to protect underground facilities in and near the excavation area.

21. Cuddy's actions were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of AT&T's rights and a conscious indifference to the consequences.

22. Upon information and belief, Cuddy breached these statutory duties on or about July 16, 2015.

WHEREFORE, AT&T prays this court grant judgment in its favor against Cuddy on AT&T's Third Claim for Relief, awarding AT&T actual damages in excess of $160,000; punitive damages; interest thereon as allowed by law; all costs of this action; and such other and further relief as this court may deem just and proper.

Respectfully submitted,

/s/ John R. Fischel
John R. Fischel, Esq. (#25690)
James Phelan Robinson, Esq. (#19816)
BRADY, FISCHEL & DAILY, LLC
721 Melvin Avenue
Annapolis, Maryland 21401
Phone: (410) 216-9054
Fax: (410) 216-9034
john@bfdlegal.com
james@bfdlegal.com

/s/
Troy A. Glander, Esq.*
ALLAN, NAVA, & GLANDER PLLC
13409 NW Military Hwy, Suite 300
San Antonio, Texas 78231
Phone: (210) 787-5446
Fax: (210) 305-4219
TGlander@ANGlawfirm.com
* *Pro hac vice* to be submitted

*Attorneys for Plaintiff AT&T Corp.*