**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of                                                       101 West Lombard Street
**Ellen Lipton Hollander**                                      Baltimore, Maryland 21201
District Court Judge                                               410-962-0742

July 16, 2018

MEMORANDUM TO COUNSEL

      Re:     *AT&T Corp. v. Cuddy & Associates, LLC*
                Civil Action No. ELH-18-2150

Dear Counsel:

      As you know, on July 13, 2018, plaintiff AT&T Corp. ("AT&T") filed suit, alleging trespass to chattel, negligence, and negligence per se against Cuddy & Associates, LLC ("Cuddy"), who allegedly damaged AT&T fiber-optic cables during an excavation project. *See* ECF 1 ("Complaint").

      The suit was filed on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). *See* ECF1, ¶¶ 1-3. Upon review of the Complaint, however, the existence of diversity jurisdiction is not apparent. And, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

      Section 1332(a) grants jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Notably, jurisdiction under § 1332 "requires *complete diversity* among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (emphasis added). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assoc's., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 559 U.S. at 96-97.

      Plaintiff describes Cuddy as "a Maryland limited liability company with its principal place of business in Joppa, Harford County, Maryland." ECF 1, ¶ 2. If Cuddy were a corporation, this statement would be sufficient to allege its citizenship under 28 U.S.C. § 1332(c)(1), which provides that a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." However, Cuddy is not a corporation; it is a limited liability company ("LLC"). *See* ECF 1, ¶ 2.

      The citizenship test of § 1332(c)(1) does not apply to an LLC. Rather, "[f]or purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Mountain State*, 636 F.3d at 103. Plaintiff has not identified

Cuddy's members or provided information as to their citizenship.  Notably, the citizenship of an LLC or other unincorporated association "must be traced through however many layers of partners or members there may be."  *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003).

Accordingly, by **July 27, 2018**, counsel for AT&T shall submit a statement clarifying the parties' citizenship and the basis for the Court's exercise of diversity jurisdiction.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge